4/7/2020 1:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42168213
By: Cynthia Clausell-McGowan
Filed: 4/7/2020 1:09 PM

## CAUSE NO. 202020105

| | | |
|---|---|---|
| **BVSM, LLC D/B/A MAGNOLIA INN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GREAT LAKES INSURANCE SE AND** | § | |
| **GEORGE DENNIS THARPE,** | § | |
| **Defendants.** | § | **125TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BVSM, LLC d/b/a Magnolia Inn ("Plaintiff"), and complains of Great Lakes Insurance SE and George Dennis Tharpe ("Defendants"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Harris County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

**EXHIBIT A**

## III.
## PARTIES

3.      Plaintiff is a company whose property is located in Channelview, Harris County, Texas.

4.      Defendant Great Lakes Insurance SE is a foreign insurer doing business in Texas, whose mailing address is 1177 Avenue of the Americas, Fl 41, New York, NY 10036, which may be served with process by serving this First Amended Petition and a copy of the citation on the Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701, as its agent for service as required by the Texas Insurance Code Section 804.103(c), where a foreign insurer failed to appoint or maintain a Texas agent for service of process.

5.      Defendant George Dennis Tharpe is an individual engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance claim which is at issue in the present case. Mr. Tharpe may be served with Citation and a copy of this Petition by serving him at 777 Boggy Road, Waskom, TX 75692, or wherever he may be found.

## IV.
## FACTUAL BACKGROUND

6.      Plaintiff is a named insured under a commercial property insurance policy issued by Great Lakes Insurance SE ("Great Lakes"), insurance policy no. GRLK0281-02 ("Policy").

7.      On or about May 9, 2019, a storm hit the Harris County area and Plaintiff's property located at 16945 IH-10, Channelview, TX 77530 ("Property"), was damaged. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

8.      Subsequently, Great Lakes underpaid Plaintiff's claim.

9.    The adjuster, assigned to the claim by Great Lakes, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the covered damages present during the inspection, and undervalued the damages identified during the inspection.

10.    More specifically, upon acceptance of the claim by Great Lakes, Great Lakes sent out Dennis Tharpe ("Tharpe") to perform an inspection of the Property and Plaintiff's damages. On July 16, 2019, Tharpe discovered covered damage, rendering a net claim payment amount of $3,213.21.[1] However, it was not until November 25, 2019, that payment of this undisputed amount was finally tendered to Plaintiff.

11.    In an effort of performing its due diligence, Plaintiff sought an additional and competent opinion from BNRB Construction. BNRB Construction found that the total amount to perform this job properly was $83,898.22, not $15,543.14, as Defendants represented.

12.    It is clear that Defendants' unreasonable investigation was the cause of Plaintiff's underpaid claim.

13.    Further, Defendants' performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

14.    As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Great Lakes. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

---

[1] After application of the Policy's deductible to the $15,543.14 identified as covered storm damage by Defendants.

15.  As indicated below, Plaintiff seeks relief under the Policy, Texas common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANTS

16.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

17.  All conditions precedent to recovery by Plaintiff have been met or have occurred.

18.  All acts by Defendants were undertaken and completed by its officers, agents, servants, employees, and representatives. Such were either done with the full authorization or ratification of Defendants and were completed in its normal and routine course and scope of employment with Defendants.

### 1. BREACH OF CONTRACT

19.  According to the insurance coverage that Plaintiff purchased from Great Lakes, Defendants had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

20.  As a result of the storm-related event, Plaintiff suffered devastating damages under the Policy.

21.  Despite objective evidence of such damages, Great Lakes has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this material breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

22.     Defendants' collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of Section 17.46(b), Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

>   *17.46(b)(5)* - Representing that its Policy, coverage and claim adjustment services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;
>
>   *17.46(b)(7)* - Representing that its Policy, coverage and claim adjustment services were of a particular standard, quality, or grade, and that the Policy was of a particular style or model, when they were of another;
>
>   *17.46(b)(12)* - Representing that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve; and
>
>   *17.46(b)(24)* - Failing to disclose information concerning the Policy, coverage and claim adjustment services which were known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

23.     Moreover, and specifically in violation of Section 17.50(a), Great Lakes engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to its detriment, in addition to engaging in the following:

>   *17.50(a)(3)* - An unconscionable action or course of action; and
>
>   *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

24.     As described in this First Amended Petition, Great Lakes represented to Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or

benefits that they actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

25.     As described in this First Amended Petition, Great Lakes represented to Plaintiff that the Policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

26.     By representing that Great Lakes would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the damages caused by the storm event and then not doing so, Defendants have violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

27.     Defendants' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

28.     Defendants' conduct, acts, omissions, and failures, as described in this First Amended Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

29.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Great Lakes. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendants to its detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now

sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this First Amended Petition.

30.     As a result of Defendants' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendants having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendants having intentionally committed such conduct.

31.     As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. SECTION 541

32.     Defendants' actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Defendants committed the following unfair and deceptive acts or practices in the business of insurance:

> *541.051(1)(A)* - Making statements misrepresenting the terms of the Policy; and

> *541.051(1)(B)* - Making statements misrepresenting the benefits of the Policy.

---

33.     Continuing, in violation of Section 541.060(a), Defendants engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> *541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;
>
> *541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;
>
> *541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of the Policy in order to influence the claimant to settle an additional claim under another portion of the coverage;
>
> *541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;
>
> *541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;
>
> *541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;
>
> *541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the Policy;
>
> *541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and
>
> *541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

34.     Further, Defendants violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

> *541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

## B. SECTION 542

35.     Defendants' actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendants to date, Defendants have thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the Policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling Plaintiff, a policyholder, to institute a suit to recover the amount due under the Policy by offering substantially less than the amount ultimately recovered in a suit brought by Plaintiff.

36.     Defendants have violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling,

---

adjustment and payment of insurance claims. More specifically, Defendants committed the following violations:

> *542.055(a)(1)* - Failing to acknowledge receipt of Plaintiff's claim within 15 days after Defendants received notice of Plaintiff's claim;

> *542.055(a)(2)* - Failing to commence an investigation of Plaintiff's claim within 15 days after Defendants received notice of Plaintiff's claim;

> *542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Defendants reasonably believes, at the time, was required from Plaintiff, within 15 days after Defendants received notice of Plaintiff's claim;

> *542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Defendants received all items, statements, and forms required for Defendants to secure final proof of loss;

> *542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

> *542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, Defendants delayed payment of the claim for a period exceeding the period more than 60 days.

37.    As a result of the above-referenced violations and acts committed by Defendants, and in accordance with Section 542.060 of the Texas Insurance Code, Defendants are liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

38.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendants having knowingly committed such conduct.

39.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendants having intentionally committed such conduct.

40.     As a result of Defendants' Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

**4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING**

41.     Great Lakes has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its coverage decision.

**VI.**
**WAIVER AND ESTOPPEL**

42.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

43.     Great Lakes has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

44.     Defendants' acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

45.     More specifically, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

46.     Furthermore, Defendants' conduct was committed knowingly and intentionally. Accordingly, Great Lakes is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

47.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

48.     Plaintiff seeks attorney fees on a contingency fee basis. If the attorney fees must be broken down into an hourly rate, Plaintiff seeks attorney fees at $350 per hour.

49.     Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates Chapter 542 of the Texas Insurance Code. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The spectre of large attorney's fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. *Mid-Century Ins. Co. v. Barclay,* 880 S.W.2d 807 (Tex. App. 1994).

## IX.
## JURY DEMAND

50.     Plaintiff demands a jury trial and tenders the appropriate fee with this First Amended Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO DEFENDANTS

A. REQUEST FOR DISCLOSURE

51.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Great Lakes and Tharpe disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## XI.
## CONCLUSION AND PRAYER

52.     Plaintiff prays that judgment be entered against Great Lakes Insurance SE and George Dennis Tharpe, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Great Lakes Insurance SE and George Dennis Tharpe, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ C. Bryan Beverly*
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bryan@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**